UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLONIAL SURETY COMPANY, | : | **CIVIL NO. 1:09-CV-0956** |
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Smyser) |
| DME CONSTRUCTION ASSOCIATES, PETER CHARDON and DARLENE EDWARDS, | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the motion of the plaintiff for summary judgment. The motion has been fully briefed. It is ripe for decision. The plaintiff, a surety company, states claims under indemnity agreements between it and the defendants. It seeks specific performance under the agreement, exoneration from its contractual responsibilities under the agreement and injunctive relief.

**Procedural History**.

The complaint (Doc. 1) was filed on May 21, 2009. The plaintiff is Colonial Surety Company. The defendants are DME Construction Associates, Peter Chardon and Darlene Edwards.

Defendants DME, Chardon and Edwards filed an answer (Doc. 9) on August 20, 2009.

On September 24, 2009 a joint case management plan (Doc. 15) was filed. The parties consented to proceed to a final disposition with a magistrate judge. The case was reassigned to the undersigned magistrate judge.

On August 21, 2009, the plaintiff filed a motion (Doc. 10) for leave of court to join the United States Department of the Navy as a defendant. The defendants concurred in the motion. By Order (Doc. 19) of October 8, 2009, the plaintiff was directed to file an amended complaint in which the Department of the Navy is added as a defendant. On October 15, 2009, an amended complaint (Doc. 20) was filed. After delays

(*see* Docs. 21-36), the Department of the Navy filed a motion (Doc. 37) to dismiss the amended complaint.

A case management conference was held on July 16, 2010 and a case management order (Doc. 53) was entered, establishing *inter alia* a January 31, 2011 discovery deadline and an April 30, 2011 dispositive motion deadline.

The additional defendant, the Department of the Navy, did not join in the consent to magistrate judge jurisdiction (Docs. 52, 55). The case accordingly was reassigned to an Article III judge, Chief Judge Kane.[1] (Doc. 56).

On September 13, 2010, the court ordered (Doc. 58) the transfer of Counts V and X of the amended complaint to the United States Court of Federal Claims and dismissed the remaining claims (Counts VI, VII, VIII and IX) in the amended complaint.

---

1. Although the case has been terminated as to the non-consenting party, the case will proceed as a 28 U.S.C. § 636(b) referral and not as a 28 U.S.C. § 636(c) consent, based upon the lack of consent of all parties.

On September 24 to 28, 2010, the plaintiff filed a motion for summary judgment accompanied by four affidavits (Doc. 59), a LR 56.1 statement (Doc. 60) and a supporting brief (Doc. 61). The defendants on November 8, 2010 filed a brief (Doc. 65) in opposition, a LR 56.1 statement[2] (Doc. 64) and affidavits (Docs. 66, 67, 68 and 69) in opposition to the plaintiff's motion for summary judgment.

On November 18, 2010, the plaintiff filed a reply brief (Doc. 72) and more affidavits (Docs. 71, 73, 74 and 75).

**The Plaintiff's Claims**.

The allegations in the complaint[3] are that the

---

2. The defendants' LR 56.1 statement does not comply with LR 56.1. It is comprised merely of numbered statements of "Admit" or "Deny". Insofar as it addresses statements of fact that the moving part states and asserts are not genuinely in dispute, no record references or statements of facts are set forth in the defendants' LR 56.1 statement.

3. The amended complaint is not complete in itself. It incorporates the complaint by reference. The amended complaint contains only the plaintiff's claims against the Department of the Navy. The correct practice is to file an amended complaint that is complete in itself, as our Local Rules (LR 15.1) require when
(continued...)

plaintiff is a Pennsylvania corporation and that the defendants Chardon and Edwards, husband and wife, own defendant DME, an incorporated[4] business with a principal place of business in New York state. The plaintiff, Colonial, issues surety bonds on behalf of contractors. The defendants on June 5, 2007 executed as indemnitors a General Indemnity Agreement to induce Colonial to execute bonds on behalf of DME, and Colonial as surety had issued bonds on behalf of DME since June 5, 2007. The complaint states that jurisdiction is based upon diversity.

The complaint lists seven bonds issued by Colonial on behalf of the defendants in amounts of $10,000.00, $2,695,000.00, $254,900.00, $259,982.00, $9,099.59, $7,440.83 and $231,716.00 that remain outstanding. The complaint alleges that numerous payment and performance claims have been made against the bonds and that the defendants have failed and

---

3. (...continued)
leave of court is required to file an amended complaint. We neglected to require compliance with LR 15.1 when the amended complaint here was filed, and the defendants did not raise the failure to comply.

4. The state of incorporation is not pleaded. The basis for diversity jurisdiction under 28 U.S.C. § 1332 is not certain.

refused to cooperate in the investigation of the claims.  The
defendants have breached the indemnity agreement by not
providing access to financial information and by failing to
deliver collateral security as demanded by Colonial, it is
alleged.  It is alleged that nearly all of Colonial's losses
relate to a roof replacement project being performed by
defendants for the United States Department of the Navy at the
Navy Depot in Mechanicsburg, Pennsylvania.

The complaint alleges that in September of 2008, the
Department of the Navy demanded that the plaintiff have a
consultant/construction manager on site of the Naval Support
Activity Project as a condition of avoiding the immediate
default of DME.  DME consented to having a consultant on site
and agreed to pay for the consultant.  The Navy then demanded
that the plaintiff control the funds from the project to ensure
payment of all suppliers of labor and materials.  DME retained
and refused to turn over to the plaintiff a check for
$249,743.78 that was issued to DME in care of Colonial.

The complaint alleges that the plaintiff has suffered losses in connection with the bonded projects of DME and projects additional losses in the future for total losses of at least $700,000.00.

Construing the complaint and the amended complaint in combination, although the amended complaint pleads Count V and VI against only the Department of the Navy, we will proceed on the basis that the counts of the complaint remaining before this court are Counts I, II, III, IV, V and VI. Count I is a claim for specific performance under the indemnity agreement. Count II is a claim for exoneration/quia timet. Counts III and IV are claims for injunctive relief. Count V is titled <u>Exoneration and Indemnification</u>. Count VI is not titled.

**The Plaintiff's Motion for Summary Judgment.**

The undisputed[5] facts are derived from the plaintiff's

---

5. The non-moving parties' (defendants') admit/deny format in their LR 56.1 statement does not comply with the Local Rules in that it does not include references to the record that support the denials of plaintiff's statements of factual matters that, according to the plaintiff, are genuinely not in dispute.

LR 56.1 statement. (Doc. 60). The facts in their entirety are not repeated herein. Assuming the facts to be true, the facts establish that at least $512,288.11 in liabilities, losses and expenses has been imposed upon, sustained, or incurred by Colonial by reason of having executed Bonds for the defendants.

The plaintiff's motion does not address all of the counts in the plaintiff's complaint, and does not seek relief that is the relief requested in any of the particular counts of the complaint. The plaintiff's motion argues that it is entitled to summary judgment in the amount of $512,288.11 on the basis of the terms of the General Indemnity Agreement. The plaintiff notes in particular that the Agreement provides:

> **4. Rights of Surety**, in furtherance of the Indemnity hereunder:
>
>> D. In any claim or suit hereunder, an itemized statement of the aforesaid loss and expense, sworn to by an officer of Surety, or the vouchers or other evidence of disbursement by Surety, shall be <u>prima facie</u> evidence of the fact and extent of the liability hereunder of indemnitor.

(Doc. 1-4).

8

The plaintiff's brief (Doc. 61) cites *United States Fidelity and Guaranty Co. v. Feibus,* 15 F.Supp.2d 579 (M.D. Pa. 1998). The court held such language in a surety agreement in the summary judgment context to bring about a shifting of the burden to the defendants to demonstrate a genuine issue for trial when, as here, the surety party has submitted the required documentation of its payments.

The Nunziata affidavit (Doc. 59-6) states the payments, costs and expenses incurred by the plaintiff based upon the bonds for the defendants. The Nunziata affidavit states that Exhibit B to that affidavit is a business record of Colonial that was kept in the normal course of Colonial's regularly conducted business activities and is a true and accurate statement of Colonial's losses on defendants' account.

In opposition to the plaintiff's motion the defendants present arguments in their brief and affidavits questioning and disagreeing with many of the expense items listed and claimed by the plaintiff. As noted above, the defendants' LR 56.1 statement does not follow the LR 56.1 required format.

**Summary Judgment Standard**.

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). With respect to an issue on which the nonmoving party bears the burden of proof, the moving party may discharge that burden by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2).

A material factual dispute is a dispute as to a factual issue the determination of which will affect the outcome of the trial under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

Summary judgment is not appropriate when there is a genuine dispute about a material fact. *Id.* at 248. A dispute as to an issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson, supra,* 477 U.S. at 249-50. In determining whether a genuine issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving

11

party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

At the summary judgment stage, the judge's function is not to weigh the evidence or to determine the truth of the matter, but is to determine whether there is a genuine issue for trial. *Anderson, supra,* 477 U.S. at 249. The proper inquiry of the court in connection with a motion for summary judgment "is the threshold inquiry of determining whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex, supra*, 477 U.S. at 322. "Under such circumstances, 'there can be no genuine issue as to any

12

material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002)(quoting *Celotex, supra*, 477 U.S. at 323).

The disposition of the present summary judgment motion calls into play the correct application of the "after adequate time for discovery" condition of the *Celotex* principle in this case where the plaintiff's position is that it has made the requisite showing of expenditures under the indemnity agreement for claims against the defendants and that under the agreement it is the burden of the defendants to show that any particular expenditures were not correctly made. The plaintiff's position here is that the burden on this summary judgment record is on the defendants, and that the defendants here have not made the requisite showing. We conclude for the following reasons that the *Celotex* principle nevertheless precludes summary judgment at this point, because discovery is not complete.

**Analysis**.

The present motion for summary judgment is a motion brought before the expiration of the period of time allotted for discovery. It is not a motion brought by a defendant without the burden of proof asserting that the plaintiff with the burden of proof can not make a showing sufficient to establish the existence of an element essential to that party's case. It is a motion brought by the plaintiff. But on the basis of the above quoted language of the Indemnity Agreement, the present motion is for purposes of applying the *Celotex* principle the same as such a motion.

However, although the plaintiff may properly be seen to have made the showing of a *prima facie* case that under the Agreement shifts the burden to the defendants, the plaintiff's motion is premature. The defendants may be able to carry the burden, in part at least, after full discovery.[6]

---

6. Although the defendants fail to show disputed facts in their LR 56.1 Statement and accordingly do not under LR 56.1 bring their affidavits into the scope of the factual materials to be considered by the court in deciding this motion, they do in their brief argue also that they must take additional discovery to show that the plaintiff's conclusory statement of expenses is
(continued...)

14

The plaintiff, in its reply brief, asserts that the defendants' affidavits are false. It is integral to the analysis of this summary judgment motion, and it is dispositive of this motion, that the plaintiff is asserting that the defendants' summary judgment evidence is false. *See* Reply Brief in Support of Colonial Surety Company's Motion for Summary Judgment (Doc. 72), in which it is asserted that the defendants' opposition to the plaintiff's motion is based upon falsehoods and that the defendants' affidavits contain false statements.

It is an elementary application of summary judgment jurisprudence that a party is not entitled to summary judgment in its favor when its summary judgment position is dependent upon the court's acceptance of that party's assertion that the opposing party's affidavits are false. Such an assertion, rather, indicates the presence of disputed issues of fact requiring the determination of the fact finder.

---

6. (...continued)
excessive.

As already noted, the plaintiff has filed affidavits not only with its motion for summary judgment but also with its reply brief, and the plaintiff's arguments made in its reply brief are based in part upon the affidavits filed with its reply briefs. (Doc. 72, pages 2, 3, 5, 8, 9, 10 & 11). The fact of affidavits from each side refuting the veracity of the affidavits of the other side demonstrates that summary judgment would be erroneous, at least before the close of discovery.

The disagreements apparent here in the parties' opposing summary judgment affidavits indicate that it can not be determined with confidence that there has been adequate discovery in this case to permit a determination of the amount owed.[7]

The parties' LR 56.1 statements, affidavits and briefs demonstrate the existence of genuinely disputed material issues of fact, not the absence thereof.

---

7. As noted above, the summary judgment motion does not address any of the kinds of relief sought in the complaint other than the payment of $512,288.11.

16

**Recommendation**.

Accordingly, it is recommended that the plaintiff's motion (Doc. 59) for summary judgment be denied and that the case be remanded to the undersigned for further proceedings.[8]

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: December 13, 2010.

---

8. Of course, the parties may move for summary judgment after the discovery deadline and before the dispositive motions deadline.