IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLONIAL SURETY COMPANY, | : | |
|     Plaintiff | : | No. 1:09-cv-956 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| DME CONSTRUCTION ASSOCIATES, | : | (Magistrate Judge Smyser) |
| et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Pending before the Court is Magistrate Judge Smyser's report and recommendation ("R&R") (Doc. No. 77) which concludes that Plaintiff Colonial Surety Company's motion for summary judgment (Doc. No. 59) should be denied to allow further discovery by Defendants. Plaintiff filed a timely objection to the R&R. (See Doc. No. 79.) The Court will not adopt Judge Smyser's recommendation for the following reasons.

First, Defendants have failed to put forward any evidence, or to point the Court to any discoverable information, which would rebut Plaintiff's claim that Defendants are liable for breaching the parties' General Indemnity Agreement. Therefore, the Court must grant summary judgment to Plaintiff on the issue of liability. Second, the Court finds that Defendants have pointed to discoverable information which could support their contention that genuine issues of material fact remain as to the damages amount claimed by Plaintiff. Therefore, the Court will defer ruling on the damages issue pending limited discovery by Defendants.

**I.    STANDARD OF REVIEW**

The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and

1

recommendations. In deciding whether to accept, reject, or modify the R&R, the Court is to make a de novo determination of those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1). Accordingly, in the present case, the Court reviews de novo the R&R's denial of Plaintiff's motion for summary judgment.

Federal Rule of Civil Procedure 56(a) provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion

---

[1] The Court notes that Rule 56 was revised by amendment effective December 1, 2010. The revisions are "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts." Fed. R. Civ. P. 56 advisory committee's note to 2010 Amendments. "The standard for granting summary judgment remains unchanged," and "[t]he amendments will not affect continuing development of the decisional law construing and applying these phrases." Id.
The Court applies the post-2010 Amendment Rule 56 provisions, as the Supreme Court has directed that the 2010 Amendments are to be retroactively applied. See Order of the Supreme Court of the United States accompanying Letters from Chief Justice John G. Roberts, Jr., to Speaker of the House Nancy Pelosi and President of the Senate Joseph R. Biden, Jr. (Apr. 28, 2010).

2

with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322-23.

Rule 56 also allows the Court to grant summary judgment as to some issues but not as to others. Specifically, the Court may "enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute," and thereby treat such a fact "as established in the case." Fed. R. Civ. P. 56(g).

## II. BACKGROUND

### A. Complaint and Case Management

Plaintiff Colonial Surety Company is a Pennsylvania surety company that entered into a General Indemnity Agreement to execute bonds on behalf of Defendants. (See Doc. No. 77 at 5.) Defendants Peter Chardon and Darlene Edwards, husband and wife, own Defendant DME, an incorporated business with its principal place of business in New York. (Id.) Plaintiff issued seven different bonds on behalf of Defendants. (Id.) In the complaint, Plaintiff alleges that numerous payment and performance claims have been made against the bonds, but Defendants refused to cooperate in the investigation of the claims and breached the indemnity agreement "by not providing access to financial information and by failing to deliver collateral security as demanded by [Plaintiff]." (Id. at 5-6.) According to the complaint, nearly all of Plaintiff's losses relate to a roof replacement project being performed by Defendants at the Navy Depot in

3

Mechanicsburg, Pennsylvania. (Id. at 6.)

Plaintiff filed its complaint on May 21, 2009, and Defendants filed an answer on August 20, 2009. A joint case management plan was filed on September 24, 2009. (Doc. No. 15.) At that time, the parties consented to proceed before a magistrate judge. However, the case was eventually reassigned to the undersigned judge because the Department of the Navy was added as a defendant and did not consent to magistrate judge jurisdiction. (See Doc. No. 56.)

On July 16, 2010, the case management conference was held and a case management order was issued.[2] The case management order established deadlines of January 31, 2011, for discovery and April 30, 2011, for dispositive motions. (See Doc. No. 53 at 2-3.) In an order filed on September 13, 2010, the Court dismissed a number of claims against the Department of the Navy and transferred the remaining claims against the Department of the Navy to the Court of Federal Claims. The claims against Defendants Chardon, Edwards, and DME remained within this Court's jurisdiction.

B. **Motion for Summary Judgment**

Plaintiff filed its motion for summary judgment on September 24, 2010. (Doc. No. 59.) In the original complaint,[3] Plaintiff listed six different counts for relief which sought, inter alia,

---

[2] The case management conference was originally scheduled for October 14, 2009, but was delayed pending the Department of the Navy's entry of appearance. (See Doc. No. 19.)

[3] As Judge Smyser notes in the R&R, the claims pertaining to the remaining Defendants are those that were originally listed in the first complaint:

> The amended complaint is not complete in itself. It incorporates the complaint by reference. The amended complaint contains only the plaintiff's claims against the Department of the Navy. The correct practice is to file an amended complaint that is complete in itself, as our Local Rules (LR 15.1) require when leave of court is required to

4

specific performance under the indemnity agreement, exoneration and quia timet, injunctive relief, and exoneration and indemnification. (See Doc. No. 1.) Plaintiff's motion for summary judgment "does not address all of the counts in the . . . complaint, and does not seek relief that is the relief requested in any of the particular counts of the complaint." (Doc. No. 77 at 8.) Rather, "[P]laintiff's motion argues that it is entitled to summary judgment in the amount of $512,288.11 on the basis of the terms of the General Indemnity Agreement." (Id.)

In accordance with Local Rule 56.1, Plaintiff filed a statement of undisputed facts with its summary judgment motion.[4] (Doc. No. 60.) According to the statement, "at least $512, 288.11 in liabilities, losses[,] and expenses ha[ve] been imposed upon, sustained, or incurred by [Plaintiff] by reason of having executed Bonds for the [D]efendants." (See Doc. No. 77 at 8; Doc. No. 60 ¶ 16.) As evidentiary support, Plaintiff submits the affidavits of Wayne Nunziata, Plaintiff's President, and Frederick Gallo, Plaintiff's Treasurer and Controller, and accompanying exhibits. Plaintiff asserts that it is entitled to summary judgment for its losses through August 25, 2010, of $512,288.11 in accordance with the terms of the Indemnity Agreement and Pennsylvania common law. (Doc. No. 60 ¶ 37.) Plaintiff points to the following language in the Agreement:

---

file an amended complaint. We neglected to require compliance with LR 15.1 when the amended complaint here was filed, and the defendants did not raise the failure to comply.

(Doc. No. 77 at 4-5 n.3.)

[4] Local Rule 56.1 states that "[a] motion for summary judgment filed pursuant to [Rule 56], shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. Pa. L.R. 56.1. "Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements." Id.

5

**3. INDEMNITY.** Indemnitor and your successors agree to perform all the conditions of each Bond and Contract and to indemnify and save harmless Surety from and against any and all (i) demands, liabilities, losses, costs, damages or expenses of whatever nature or kind, including all fees of attorneys and all other expenses, including but not limited to costs and fees of investigation, adjustment of claims, procuring or attempting to procure the discharge of Bonds, enforcement of any Contract with Indemnitor, and in attempting to recover losses or expenses from Indemnitor, or third parties, whether or not Surety shall have paid out any or all of such sums, (ii) amounts sufficient to discharge any claim made against Surety on any Bond, which amounts may be used by Surety to pay such claim, or may be held by Surety as collateral security against any loss on any Bond, and (iii) any premiums due on Bonds issued by the Surety on behalf of the Principal (hereinafter the "Indemnity").

**4. RIGHTS OF SURETY**, in furtherance of the Indemnity hereunder:

> A. Surety shall have the right in its sole discretion to determine whether any claims shall be paid, compromised, defended, prosecuted or appealed.
>
> B. Surety shall have the right to incur such expenses in handling a claim as it deems necessary or advisable, including but not limited to the expense for investigation, accounting, engineering and legal services, and Surety's good faith determination as to the necessity or advisability of any such expense shall be final and conclusive upon Indemnitor.
>
> . . . .
>
> D. In any claim or suit hereunder, an itemized statement of the aforesaid loss and expense, sworn to by an officer of Surety, or the vouchers or other evidence of disbursement by Surety, shall be <u>prima facie</u> evidence of the fact and extent of the liability hereunder of Indemnitor.
>
> E. Surety shall have the right to reimbursement of its expenses, premiums and attorneys' fees hereunder, irrespective of whether any Bond loss payment has been made by Surety. Surety may recover from

> Indemnitor its expenses and attorneys' fees incurred in prosecuting or defending any action arising out of or relating to this Agreement or other Contract with Indemnitor. Indemnitor's duty to reimburse the Company for fees and expenses that it incurs shall arise upon the receipt of any claim by Colonial.

(Doc. No. 1-4.) Exhibit A, which is attached to Gallo's affidavit, is a copy of a list of payments made by Plaintiff to various vendors, its attorney, and a consulting firm. (See Doc. No. 59-9.) The listing includes a total fee of $210,402.43 for "Total Loss Paid" and a total fee of $301,885.68 for "LAE." (Id.) The term "LAE" is not defined on the form, but the payments identified in that category are made to Attorney Larry Miller and the firm of Cashin, Spinelli & Ferretti ("Cashin"). Attorney Miller is Plaintiff's lawyer in the instant case who provided legal services to Plaintiff during the period in dispute. Cashin is a consulting firm which supervised Defendants' work on the roof replacement project at the Navy Depot in Mechanicsburg. Thus, it appears to the Court that "LAE" is likely an acronym for "loss adjustment expenses," a term generally used in contracts such as insurance agreements. See Ace Prop. and Cas. Ins. Co. v. Fed. Crop Ins. Corp., 440 F.3d 992, 994 (8th Cir. 2006). These types of expenses are listed as being recoverable by the surety under the terms of the indemnity agreement. (See Doc. No. 1-4 ¶ 4(B) & (E).)

On November 8, 2010, Defendants filed a brief in opposition to the summary judgment motion, arguing that there are genuine issues of material fact which prevent summary judgment. (Doc. No. 65.) Specifically, Defendants state in their brief:

> [N]o discovery has occurred to date. Plaintiff . . . has never provided Defendants with copies of the purported bills submitted by the consultant Cashin . . . nor the bills and time sheets submitted by counsel for the Plaintiff, Larry Miller, Esq. Plaintiff has not provided Defendants with copies of the purported payments of these invoices.

> Further, Examinations Before Trial have not been held where the DME Defendants can question Cashin . . . and Mr. Miller about the charges rendered and where the need for the charges can be explored. Plaintiff has never provided the Defendants with proof of payment to the alleged subcontractors.
>
> At this point, Plaintiff's bare bones motion consists of Affidavits and a list of purported payments to various vendors. Plaintiff has never provided DME with backup for these purported charges nor proof of payment. Without these documents DME cannot assess the validity of the charges and if they were material and necessary to this matter.

(Doc. No. 65 at 3.) Defendants filed their own version of a statement of "undisputed material facts" with their opposition brief. However, Defendants' statement did not comply with Local Rule 56.1 because it did not "include references to the record that support the denials of [P]laintiff's statements of factual matters." (Doc. No. 77 at 7 n.5; see Doc. No. 64.) Defendants also filed four separate affidavits in support of their brief in opposition. (See Doc. Nos. 66–69.)

### C. R&R and Objection

Rather than finding that Defendants' failure to comply with Local Rule 56.1 rendered Plaintiff's statement of facts unopposed, Magistrate Judge Smyser denied Plaintiff's summary judgment motion to allow Defendants time to complete discovery pursuant to Celotex, 477 U.S. 317. (Doc. No. 77 at 13-14.) Judge Smyser noted that because there was a prima facie evidence clause in the indemnity agreement, Plaintiff's motion for summary judgment placed the burden of proof on Defendants "to show that any particular expenditures were not correctly made" by Plaintiff. (Id.); see also Fallon Elec. Co. v. Cincinnati Ins. Co., 121 F.3d 125, 129 (3d Cir. 1997) ("We conclude that the Pennsylvania courts would hold that a 'prima facie evidence' clause in an indemnity agreement shifts to the indemnitor the burden of proving that the costs incurred were not recoverable."). As a result, Judge Smyser noted that the Celotex principle—ordinarily

8

in place to protect a plaintiffs' claims from being dismissed before adequate discovery—was equally applicable in this case to protect the rights of Defendants. (Doc. No. 77 at 13-14 & n.6.)

In objecting to the R&R, Plaintiff points out that Defendants have not pursued discovery even though, at the time of Plaintiff's objection, nineteen months had expired since the filing of the complaint. (Doc. No. 78 ¶ 11.) Plaintiff argues that "Defendants failed to identify any outstanding discovery that would result in the demonstration of a genuine issue of material fact." (Id.) Plaintiff asserts that "Defendants have asserted no valid defense to [Plaintiff's] claims under applicable law" and therefore Plaintiff is entitled to the entry of summary judgment in its favor. (Id.) Plaintiff also challenges that Defendants did not properly raise a need for further discovery in a Rule 56(d)[5] affidavit, but instead only made an argument that such discovery was needed in Defendants' brief in opposition to summary judgment. (Id. ¶ 13.)

## III. DISCUSSION

If a party believes that a summary judgment motion is premature and more discovery is necessary, Rule 56(d) allows a party to file an affidavit "setting forth why the time is needed." Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 510-11 (3d Cir. 1994). "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protection of [Rule 56(d)] in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition." Radich v. Goode, 886 F.2d 1391, 1394 (3d Cir. 1989) (citation omitted). "District courts usually grant properly filed [Rule 56(d)] motions as a matter of course." St. Surin v. V.I. Daily News,

---

[5] As noted above, Rule 56 was adjusted by the 2010 Amendments which became effective on December 1, 2010. Former Rule 56(f) became Rule 56(d) "without substantial change." See Fed. R. Civ. P. 56, 2010 advisory committee note. For consistency, the Court adjusts all references in cases citing to Rule 56(f) under the older version of the Rule to refer to current Rule 56(d).

9

Inc., 21 F.3d 1309, 1314 (3d Cir. 1994) (citation omitted).

The Third Circuit Court of Appeals has "underscored the benefits of technical compliance" with Rule 56(d) and its accompanying affidavit requirement. St. Surin, 21 F.3d at 1313-14. Indeed, the Third Circuit has opined that "in all but the most exceptional cases, failure to comply with [Rule 56(d)] is fatal to a claim of insufficient discovery on appeal." Bradley v. United States, 299 F.3d 197, 207 (3d Cir. 2002). Yet "failure to support a [Rule 56(d)] motion by affidavit is not automatically fatal." St. Surin, 21 F.3d at 1314. Instead,

> [i]f a [Rule 56(d)] motion does not meet the affidavit requirement, it must still identify with specificity what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained. Essentially, a party moving for postponement under [Rule 56(d)] must inform the district court why delay is needed before the motion can be properly considered.

Id. (internal citations and quotation marks omitted); see also San Filippo v. Bongiovanni, 30 F.3d 424, 432 (3d Cir. 1994). In this way, delay may be warranted where discovery requests are outstanding and relevant facts are under the control of the party moving for summary judgment. San Filippo, 30 F.3d at 432-33 ("[W]here relevant information sought is in the hands of the moving party, 'a district court should grant a [Rule 56(d)] motion almost as a matter of course unless the information is otherwise available to the non-movant.'" (citation omitted)); see also Bradley, 299 F.3d at 207 n.12.

### A. Defendant Chardon's Affidavit is Properly Construed as a Rule 56(d) Affidavit

Defendants claim in their brief in opposition to summary judgment that more discovery is necessary, and they filed four separate affidavits aimed at supporting that contention. The first affidavit is that of Defendant Peter Chardon, who avers that he is unable to comprehend how the

consulting firm chosen by Plaintiff could have accrued the amount of bills now claimed by Plaintiff. (Doc. No. 66 ¶ 17.) Defendant Chardon avers that the amount of monies claimed by Cashin for work performed "rises to the threshold of 'bad faith,'" and that DME has "never been provided any proof of the work performed by Cashin." (Id. ¶¶ 28-29.) Defendant Chardon further questions the billing entries made by Attorney Miller to Plaintiff:

> Mr. Miller has never provided DME with itemized invoices so DME has no idea what services Mr. Miller has provided for [Plaintiff]. . . .
>
> Further, the relationship needs to be further explored in discovery. Mr. Miller needs to provide itemized copies of his invoices and must also appear at an Examination Before Trial. Mr. Miller must reveal if he is paid a salary by [Plaintiff] and he must also produce his time records so that all of his hours are accounted for. If Mr. Miller receives a salary plus hourly compensation such an arrangement smacks of double billing and is inherently improper.
>
> . . . . Further, the moving papers fail to include [Cashin's] itemized bills or proof of payment by [Plaintiff]. Without such basis proof, the motion must fail since there are inherent issues of fact.
>
> . . . . At a minimum, DME is entitled to review the invoices of Mr. Miller and require Mr. Miller and a representative of [Plaintiff] to appear for Examinations Before Trial so that the relationship between Miller and [Plaintiff] can be explored. Further, Mr. Miller's time sheets may come into play to make certain that all of the time billed was actually expended.

(Id. ¶¶ 40-46.) Defendant Chardon also states that Plaintiff failed "to provide proof of payment to DME's vendors," and that while he believed those payments were proper, DME was still "entitled to see copies of the payment checks." (Id. ¶ 49.) The other three affidavits submitted by Defendants are those of DME employees who worked on the Navy Depot roofing project and who state their belief that Cashin "could [not] have spent the time alleged on the project or performed the work allegedly performed." (See Doc. No. 67 ¶ 23; see also Doc. Nos. 68, 69.)

11

In the R&R, Judge Smyser found that because Defendants failed to cite to the record in their Local Rule 56.1 statement, the affidavits were not within "the scope of the factual materials to be considered by the court in deciding [the summary judgment] motion." (Doc. No. 77 at 14 n.6.) The Court agrees with Judge Smyer's assessment as to the affidavits of the three DME employees. However, the affidavit of Defendant Chardon, while not titled as a Rule 56(d) affidavit, is rightly characterized as such. It is an affidavit produced by Defendants that "for specified reasons, [they] cannot present facts essential to justify [their] opposition." Fed. R. Civ. P. 56(d).

> **B.    There is No Genuine Issue of Material Fact Regarding Defendant's Breach of the General Indemnity Agreement**

According to Defendant Chardon's affidavit, the material that has not been produced by Plaintiff includes the invoices for work provided by Attorney Miller and its consultant Cashin. Defendant Chardon also states that Defendants have not yet deposed Attorney Miller or a representative of Cashin to determine whether these charges were taken in good faith. Defendant Chardon states that this material would allow Defendants to determine whether those fees claimed by Plaintiff are valid and made in good faith.

In this way, Defendants focus on discovery relating to the amount of loss adjustment expenses claimed by Plaintiff, not on whether Defendants breached the General Indemnity Agreement. Defendants have not pointed to any discoverable evidence which would rebut Plaintiff's claim for breach of the agreement. Accordingly, summary judgment must be granted for Plaintiff on its claim that Defendant breached the General Indemnity Agreement. See Fed. R. Civ. P. 56(g).

> **C.    There May Be Evidence Which Would Create a Genuine Issue of Material**

### Fact as to the Amount of Loss

Both Defendants' opposition brief and Defendant Chardon's affidavit dispute the payment amount by Plaintiff to Cashin, Attorney Miller, and DME's vendors. The Court agrees with the R&R that the prima facie evidence clause in the indemnity agreement places the burden of proof on Defendants, and thus the protections of Rule 56(d) should be afforded to Defendants if they make the showing necessary under that Rule. The Court concludes that it will allow Defendants further discovery on the issue of damages.

First, the Court finds that Defendants have pointed to discoverable evidence which might create a genuine issue of material fact over whether Plaintiff's payments to Cashin and Attorney Miller were made in good faith. After receiving the pertinent invoices and deposing Attorney Miller and a representative of Cashin, Defendants might uncover evidence which could support their claim that the payments made to Attorney Miller and Cashin for loss adjustment expenses were made in bad faith. While undertaking such discovery, Defendants might also uncover rebuttal evidence of Plaintiff's proof of payment to DME's vendors of $210,402.43.

The issue then becomes whether or not Defendants can point to good reason why such information has not yet been discovered. This is a close call because, as Plaintiff points out, Defendants could have already noticed the depositions and requested the documents which it says they now need. The Court is mindful, however, that Plaintiff's motion for summary judgment was filed with nearly four months of discovery remaining before the scheduled close of discovery on January 31, 2011. In order to timely oppose the summary judgment motion, Defendants were unable to rely on any information which it might have recovered during those final four months. In addition, because Magistrate Judge Smyser dealt with much of the pretrial

management of this case, the Court finds his recommendation that further discovery is warranted to be particularly persuasive. Therefore, in the interest of justice, the Court will defer ruling on Plaintiff summary judgment motion on the issue of the damages pending limited discovery by Defendants.

**IV. CONCLUSION**

For the foregoing reasons, the Court will not adopt the R&R of Magistrate Judge Smyser. Plaintiff has established a prima facie case that Defendants breached the General Indemnity Agreement. Defendants have failed to point to any evidence on the record, or to make any argument, which would rebut that prima facie case. Therefore, the Court must grant that portion of Plaintiff's summary judgment motion. The Court will grant Defendants' request for further limited discovery on the issue of damages. Accordingly, the Court will defer ruling on this portion of the summary judgment motion pending the completion of limited discovery and supplemental briefing. An order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **COLONIAL SURETY COMPANY,** | : | |
|     **Plaintiff** | : | **No. 1:09-cv-956** |
| | : | |

|                                |   |                          |
|--------------------------------|---|--------------------------|
| v.                             | : | (Chief Judge Kane)       |
|                                | : |                          |
| DME CONSTRUCTION ASSOCIATES,   | : | (Magistrate Judge Smyser) |
| et al.,                        | : |                          |
| Defendants                     | : |                          |

## ORDER

**AND NOW**, on this 18th day of February 2011, pursuant to the accompanying memorandum, it is **HEREBY ORDERED THAT**:

1. The Report and Recommendation (Doc. No. 77) is **NOT ADOPTED**.

2. Plaintiff's summary judgment motion is **GRANTED** as to Plaintiff's claim that Defendant breached the General Indemnity Agreement.

3. The Court will defer ruling on the damages portion of Plaintiff's summary judgment motion pending further limited discovery by Defendants. Specifically, Defendants shall have 60 days from the date of this order to pursue discovery as to Plaintiff's damages. To the extent that Defendants seek further discovery, they are directed to file a motion seeking leave.

4. At the close of the 60-day discovery period outlined above, Defendants are directed to file a supplemental brief in opposition to the summary judgment motion. The brief is due 30 days after discovery has closed. After Defendants' supplemental brief is filed, Plaintiff shall have 15 days to file a response brief.

5. The Clerk of Court shall defer entering judgment until all issues have been adjudicated.

6. All other pretrial motion deadlines are **STAYED** pending disposition of Plaintiff's motion for summary judgment.

S/ Yvette Kane<br>
Yvette Kane, Chief Judge<br>
United States District Court